**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

JENNIFER ANN SAMSON                          CIVIL ACTION

VERSUS                                        NUMBER: 24-1888

SOCIAL SECURITY ADMINISTRATION                SECTION "A" (5)

**REPORT AND RECOMMENDATION**

Plaintiff, Jennifer Ann Samson, filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"). For the following reasons, **IT IS RECOMMENDED** that Plaintiff's brief (rec. doc. 8) be **REJECTED**, the Commissioner's brief (rec. doc. 11) be **SUSTAINED**, and Plaintiff's case be **DISMISSED WITH PREJUDICE**.

I.      **BACKGROUND**

Plaintiff filed her original application for DIB on June 10, 2020, alleging a disability onset date of March 15, 2020. (Adm. Rec. at 17, 193-96). Plaintiff alleged disability due to bipolar, bone deficiency, asthma, arthritis in her knees, foot pain, anxiety, and high cholesterol. (*Id.* at 216). Plaintiff, born on June 20, 1964, was 55 years old on the date she alleged onset of disability and on the date she filed her application. (*Id.* at 213). Plaintiff has a high-school education, and she has past work experience as a housekeeper, a janitor, and a waitress. (*Id.* at 217-18).

Defendant initially denied Plaintiff's application on March 12, 2021. (*Id.* at 107-10). Plaintiff sought an administrative hearing, which took place on January 7, 2022 before an Administrative Law Judge ("ALJ"). (*Id.* at 36-65). Plaintiff, who was represented by counsel, and Valerie Borja, a vocational expert ("VE"), testified at the hearing.

After that hearing, on March 4, 2022, the ALJ issued a partially favorable decision, finding that Plaintiff was disabled from March 15, 2020, the alleged disability onset date, through December 31, 2021, the date her disability ended. (*Id.* at 13-26). Plaintiff appealed the ALJ's decision to the Appeals Council, who denied review, and she then filed a civil action in this Court. (Civ. A. No. 22-4411, E.D. La.).

On May 1, 2023, the District Judge reversed the ALJ's March 4, 2022 decision and remanded the case to the Commissioner for further administrative proceedings. (Adm. Rec. at 1152-57). Specifically, the Court ordered the Commissioner to reconsider Plaintiff's past relevant work at step four of the sequential analysis. (*Id.* at 1155). On remand, the Appeals Council, by order dated June 12, 2023, vacated the March 4, 2022 decision and remanded Plaintiff's case to an ALJ for further proceedings consistent with the District Judge's May 1, 2023 Order. (*Id.* at 1149). The ALJ held a second hearing on January 9, 2024, at which Plaintiff, still represented by counsel, and Katrina Virden, the VE, testified. (*Id.* at 1109-1137).

On April 11, 2024, the ALJ issued an unfavorable decision, finding Plaintiff not disabled since January 1, 2022. (*Id.* at 1087-1101). In that decision, the ALJ concluded that Plaintiff has the severe impairments of arthritis of bilateral knees, bilateral hip dysplasia, bipolar disorder, and anxiety disorder. (*Id.* at 1090). The ALJ held that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled a listed impairment under the regulations. (*Id.* at 1092). The ALJ found that Plaintiff retains the residual functional capacity ("RFC") to perform medium work except that she can frequently climb, stoop, kneel, crouch, and crawl; she can understand, remember, and apply simple,

routine instructions; she must avoid fast-paced, quota-based work; she can interact frequently with supervisors and coworkers and occasionally with the general public; and she can adapt to occasional changes in work setting. (*Id.* at 1094). The ALJ determined that since January 1, 2022, Plaintiff has been able to perform her past relevant work as "cleaner, housekeeper." (*Id.* at 1100).

Plaintiff did not appeal to the Appeals Council, opting instead to proceed directly to federal court. Accordingly, the ALJ's April 11, 2024 decision is the Commissioner's final decision for purposes of this Court's review.

## II.   STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). A finding of no substantial evidence is appropriate only if no credible evidentiary

choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues de novo, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.  *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Spellman*, 1 F.3d at 360.  The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible.  *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992).  Conflicts in the evidence are for the Commissioner to resolve, not the courts.  *Carey*, 230 F.3d at 135.  Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.  *Ripley*, 67 F.3d at 555.  Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).

## III.    ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, Plaintiff must show an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is considered disabled only if a physical or mental impairment is so severe that the claimant is unable not only to do previous work, but cannot, considering age, education and work experience, participate

in any other kind of substantial gainful work that exists in significant volume in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if she or he applied for work. 42 U.S.C. § 1382(a)(3)(B).  The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).  The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.  *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed.  First, the claimant must not be presently working at any substantial gainful activity.  Second, the claimant must have an impairment or combination of impairments that are severe.  An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities."  Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations.  Fourth, the impairment must prevent the claimant from returning to his past relevant work.  Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience.  At steps one through four, the burden of proof rests upon the claimant to show he is disabled.  If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments.  If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Id.* at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999)).  If the ALJ determines that a Plaintiff is not disabled under step five of the five-part test, the Commissioner must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy.  *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).  Step five also requires the Commissioner to use the medical-vocational guidelines to make a disability determination.  *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).  "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

IV.    **ISSUES ON APPEAL**

There are three issues on appeal:

(1)    Whether the ALJ failed to apply the medical improvement standard.

(2)    Whether the ALJ erred in identifying Plaintiff's past relevant work.

(3)    Whether substantial evidence supports the ALJ's decision.

V.    **ANALYSIS OF THE ISSUES ON APPEAL**

**(1)    Whether the ALJ failed to apply the medical improvement standard.**

Plaintiff notes that ALJ White – the author of the first decision that was partially favorable to Plaintiff – found medical improvement as of January 1, 2022.  (Adm. Rec. at 27-

29).  Plaintiff contends, however, that because ALJ White's decision was vacated as to the time period beginning January 1, 2022, ALJ Morgan – the author of the second, unfavorable decision – had to determine whether there was medical improvement as of January 1, 2022. Plaintiff complains that he did not do so, using instead the more typical five-step sequential evaluation to determine whether Plaintiff was disabled as of that date.  In short, Plaintiff maintains that ALJ Morgan used the wrong legal standard to evaluate whether she is disabled.

When an ALJ finds a claimant entitled to a closed period of disability – as ALJ White did – the ALJ applies the medical improvement standard to articulate when the closed period ends.  *See Teague v. Astrue*, 342 F. App'x  962, 963 (5th Cir. 2009) (citing *Waters v. Barnhart*, 276 F.3d 716, 718-19 (5th Cir. 2002)).  The Commissioner may terminate disability benefits if there is substantial evidence demonstrating that (1) there has been medical improvement related to the ability to work, and (2) the individual is now able to engage in substantial gainful activity. *See id.* (citing 42 U.S.C. § 423(f)); *see also Griego v. Sullivan*, 940 F.2d 942, 943-44 (5th Cir. 1991).  Medical improvement is related to a claimant's ability to work if there has been a decrease in the severity of her impairment and an increase in the claimant's functional capacity to do basic work activities.  *See Teague*, 342 F. App'x at 963 (citing 20 C.F.R. § 404.1594(b)(3)).

In the March 4, 2022 partially-favorable decision, ALJ White found Plaintiff disabled for a closed period of disability from March 15, 2020, the alleged disability onset date, through December 31, 2021, the date her disability ended.  (Adm. Rec. at 13-29).  Plaintiff appealed that decision to the District Judge, and the case was remanded for further

7

administrative proceedings.  (*Id.* at 1152-57).  After a second administrative hearing, ALJ Morgan issued a decision on April 11, 2024, finding Plaintiff not disabled from January 1, 2022 through April 11, 2022.  (*Id.* at 1084-101).  As noted, Plaintiff now contends that ALJ Morgan failed to "apply the medical improvement standard" when he found her not disabled beginning January 1, 2022.  However, contrary to Plaintiff's assertion, the Court finds that substantial evidence supports the ALJ's decision.

The Court concludes that ALJ Morgan was not required to determine whether medical improvement had occurred.  Rather, he was required to determine whether substantial evidence supported whether Plaintiff was disabled beginning January 1, 2022.  Here, although substantial evidence supports Plaintiff's closed period of disability, the District Judge found that remand was required for the ALJ to reconsider Plaintiff's past relevant work at step four.  (*Id.* at 1152-57).  Specifically, the Court held that "the record evidence indicates that the server job may not qualify as past relevant work because Plaintiff may not have performed this job at substantial gainful activity (SGA) levels."  (*Id.* at 1155).  Thus, the Court remanded Plaintiff's case for further administrative proceedings to determine whether she had any work experience that qualifies as past relevant work, not to redetermine whether ALJ White's finding that medical improvement had occurred.  (*Id.* at 1155).

On June 12, 2023, the Appeals Council's order specifically vacated ALJ White's March 4, 2020 decision "*with respect to the issue of disability on and after January 1, 2022*."  (*Id.* at 1160) (emphasis added).  The Appeals Council explicitly instructed the ALJ to:

> • Further evaluate Plaintiff's mental impairments from January 1, 2022, onward in accordance with the special technique described in 20 C.F.R. § 404.1520a.

• Give further consideration to Plaintiff's residual functional capacity (RFC) from January 1, 2022, and forward.
• Give further consideration to whether the claimant has past relevant work and, if so, can perform it as of January 1, 2022 (20 C.F.R. § 404.1560(a)-(b)).
• And if warranted, obtain supplemental evidence from a vocational expert.

(Adm. Rec. at 1161). ALJ Morgan acknowledged the Appeals Council's order and specifically complied with its instructions. (*Id.* at 1087). The Appeals Council did not order ALJ Morgan to determine whether medical improvement had occurred, nor did it ask ALJ Morgan to revisit ALJ White's determination that Plaintiff had a closed period of disability that ended on December 31, 2021. Neither did the District Judge ask the Commissioner or ALJ Morgan to do so.

ALJ Morgan complied with the Appeals Council's remand order and was not required to determine whether medical improvement had occurred as of January 1, 2022, as that portion of the previous decision was supported by substantial evidence in ALJ White's decision. Because substantial evidence supports the ALJ's decision, this argument does not warrant remand to the ALJ.

**(2)    Whether the ALJ erred in identifying Plaintiff's past relevant work.**

Plaintiff argues that the cleaner, housekeeper job does not meet the criteria for past relevant work. To qualify as past relevant work, the job in question must have been performed within the last 15 years, lasted long enough for the person to have learned how to do it, and must have been substantial gainful activity ("SGA"). *See* 20 C.F.R. § 404.1565(a). By failing to argue otherwise, Plaintiff concedes that her work as a cleaner, housekeeper was performed within the prior 15 years, was performed at SGA levels, and was performed long enough to learn how perform it. However, she contends that the cleaner, housekeeper job

does not constitute past relevant work because she "never worked as a cleaner/housekeeper." (Rec. doc. 8 at 6). Plaintiff's argument is disingenuous.

The Dictionary of Occupational Titles ("DOT") provides that the duties of a cleaner, housekeeper include cleaning rooms and halls in commercial establishments such as hotels, restaurants, clubs, beauty parlors, and dormitories, or performing any combination of the following duties: sorting, counting, folding, marking, or carrying linens. DOT Index Code 323.687-014, 1991 WL 672783. This job also requires performing other duties as described under Cleaner (any industry). *Id.* The DOT indicates that the cleaner (any industry) job requires vacuuming, emptying trash, and sweeping. DOT Index Code 389.683-010, 1991 WL 673279. In her work history report, Plaintiff reported that she worked as a janitor, which required her – in her own description – to clean doctor's offices, clinic buildings, dust, sweep, vacuum, mop, clean and supply restrooms, take out trash, store and maintain supply rooms, clean commercial buildings, offices, wipe down areas, and clean windows and mirrors. (Adm. Rec. at 231-32). Absent a challenge to its veracity at the administrative level, it is appropriate for the ALJ to rely on Plaintiff's description of her past work in her disability report. *See Villa v. Sullivan*, 895 F.2d 1019, 1022-1023 (5th Cir. 1990) (finding that it is claimant's burden to prove inability to perform former work).

When the ALJ asked the VE to classify Plaintiff's past work, she testified that the cleaner, housekeeper job is classified as light, unskilled work, with a specific vocational preparation of 2. (Adm. Rec. at 1132-33). The VE further clarified that while the cleaner, housekeeper job is classified as light work, Plaintiff actually performed the job as medium. (*Id.* at 1133). After the ALJ presented a hypothetical that was consistent with the RFC finding,

10

the VE testified that Plaintiff can perform her past relevant work as a cleaner, housekeeper. (*Id.* at 1133). Based on the VE's testimony the ALJ properly concluded that Plaintiff is capable of performing her past relevant work as a cleaner, housekeeper as actually and generally performed. (*Id.* at 1100). The ALJ further noted that this work satisfies the recency, durational, and earnings requirement of past relevant work. (*Id.* at 1100). Indeed, despite Plaintiff's protestations, she admits that her earnings constituted SGA in 2017 – the year in which she actually performed work as a janitor. (Rec. doc. 8 at 6; Adm. Rec. at 218).

The Court finds that the ALJ properly relied on the VE's testimony, and substantial evidence supports his step-four finding. Indeed, the ALJ may properly rely upon the testimony and conclusions of a VE. *See Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000) ("[W]e agree with the majority of the circuits that the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so."). The ALJ also noted that, despite having the opportunity to question the VE at the hearing, Plaintiff's representative did not elicit any testimony regarding her purported inability to perform her past work as a cleaner, housekeeper. (Adm. Rec. at 1100). The time to challenge the reliability of the VE's testimony is during the administrative hearing when the VE is subject to cross-examination. *See Biestek v. Berryhill*, 587 U.S. 97, 107 (2019) ("Even without specific data, an applicant may probe the strength of testimony by asking an expert about, for example, her sources and methods – where she got the information at issue and how she analyzed it and derived her conclusions."). The Court finds that Plaintiff fails to meet her burden of proof that she cannot perform her past relevant work as a cleaner, housekeeper and even failed to take the opportunity to do so. There was no error here.

11

**(3)    Whether substantial evidence supports the ALJ's decision.**

Having reviewed the ALJ's decision and the record, the Court finds that the ALJ specifically discussed the evidence that he considered when assessing Plaintiff's RFC.  He first explained that he was "only to address the issue of disability beginning January 1, 2022, and not re-adjudicate Plaintiff's functioning prior to that date."  (Adm. Rec. at 1095) (citing *id.* at 1156-1162).  He specifically noted that since January 1, 2022, the evidence, including Plaintiff's own testimony, demonstrated that there has been improvement in Plaintiff's physical condition.  (*Id.* at 1095).  Although Plaintiff complained of knee pain, she only treated her symptoms with over-the-counter medications – such as Motrin – and ice.  (*Id.* at 1095, 1120-21); *see Griego*, 940 F.2d at 944-45 (finding that the use of only over-the-counter pain relievers suggests that the severity of pain is not so great as to preclude work activity).  Plaintiff further testified that she no longer used her knee brace, and that after January 1, 2022,  she no longer sought cortisone injections for her alleged knee pain.  (Adm. Rec. at 1095).  The ALJ further found that there were no treatment records from an orthopedist or pain management specialist since January 1, 2022.  (*Id.* at 1095); *see also Griego*, 940 F.2d at 945 (finding that a lack of treatment may support a finding of non-disability).  Further, while the treatment records from November 2023 showed "positive clinical signs related to her knee impairment," in November 2023, Plaintiff had a normal gait.  (Adm. Rec. at  1095-96, 1510).

And while there were no medical source opinions from the relevant period, the ALJ considered the opinion evidence from before January 1, 2022.  (*Id.* at 1097).  The ALJ noted that in December 2020, consultative examiner, Dr. Scott Sondes, M.D., opined that Plaintiff

did not require an assistive device for walking, which was supported by the doctor's clinical findings. (*Id.* at 1096). This finding was consistent with Plaintiff's own hearing testimony when she denied needing an assistive device to stand or walk. (*Id.* at 679, 1092). Notably, the examination by Sondes also showed that Plaintiff could move on and off the examination table, squat, bend, and stoop without difficulty, and she could perform heel and toe walking without difficulty. (*Id.* at 679). Plaintiff also had full range of motion in all joints, with no radiation of pain on movement, muscle spasm, tenderness, or radiculopathy. (*Id.*). The ALJ also considered the opinions of the state medical consultants, who opined in December 2020 and May 2021 that Plaintiff retained the ability to perform medium work, except she could frequently climb, kneel, crouch, and crawl. (*Id.* at 82-84, 97-98, 1096).

The ALJ concluded that Plaintiff's ability to perform work at the medium level of exertion is consistent with the record as a whole, including the medical evidence after January 1, 2022. (*Id.* at 82-84, 95-96). The ALJ noted that in March 2022, Plaintiff reported that she walked daily, which helped her to lose weight. (*Id.* at 1097, 1423). The progress notes from LCMC Health further revealed that Plaintiff displayed normal range of motion despite her complaints of joint pain. (*Id.* at 1097, 1426). In July 2023, Plaintiff complained of bilateral knee pain and pain when bending and squatting. (*Id.* at 1097). However, while her physical examination revealed crepitus in both knees, Nurse Practitioner Leah N. Bowers noted that she retained normal range of motion. (*Id.* at 1097, 1368). Although Plaintiff was referred to an orthopedist, the record shows that four months later, the ALJ noted that no new treatment was recommended other than to exercise and lose weight. (*Id.* at 1097, 1371). Thus, based on the record as a whole, the ALJ properly found that the evidence

supports a medium RFC.  (*Id.* at 1097).  However, the ALJ added additional postural limitations to accommodate Plaintiff's subjective complaints of pain.  (*Id.* at 1094, 1097).

Regarding Plaintiff's mental impairments, the ALJ considered the opinion of Dr. Mark Skellie, Psy.D, who opined that Plaintiff has a mild limitation in understanding, remembering, and carrying out simple and detailed instructions; a mild limitation in maintaining attention or performing simple, repetitive tasks or complex, multi-step tasks for two-hour blocks of time; a moderate limitation in sustaining effort and persistence at a normal pace over a 40-hour workweek; a moderate-to-severe limitation in her ability to relate to others; and a severe limitation in her ability to tolerate the stress/pressures associated with daily work demands.  (*Id.* at 683-688, 1097).  In March 2021, the state agency medical consultants opined that Plaintiff can sustain attention in two-hour increments when performing simple and routine work-related tasks; follow simple-work like procedures; and make simple work-related decisions.  (*Id.* at 86, 1098).  The ALJ concluded that these opinions were consistent with evidence generated after January 1, 2022, which warranted limiting Plaintiff to "only simple instructions."  (*Id.* at 1098).  The ALJ noted that Plaintiff's ability to work with this limitation is consistent with her ability to read, write, count money, do simple arithmetic, and her good memory and recall.  (*Id.* at 679, 686, 1261, 1268, 1275, 1282-83, 1298-99, 1098).

Although Skellie opined that Plaintiff could follow multi-step instructions, the ALJ noted that Plaintiff reported needing to read things several times.  (*Id.* at 1098).  Thus, he found that because her comprehension is likely to "decrease with task complexity," limiting her to only simple instructions was appropriate.  (*Id.* at 1098).  Although Skellie observed

14

that Plaintiff exhibited signs of distractibility during the examination, the ALJ noted that the evidence showed Plaintiff had normal attention and concentration with logical thought processes. (*Id.* at 686, 1098). In October 2022, Plaintiff also reported having impaired concentration. (*Id.* at 1099, 1314). Due to moderate limitations in concentration, persistence, or maintaining pace, the ALJ concluded that Plaintiff should be limited to no fast-paced, quota-based work. (*Id.* at 1098). Finally, the ALJ concluded that the medical evidence supported a finding of frequent interaction with supervisors and coworkers and occasionally with the public. (*Id.* at 679, 686, 1099, 1280, 1308, 1508).

Under these circumstances, the Court finds that the ALJ provided a sufficient basis for his assessed limitations. Indeed, "[t]he Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Moreover, as the party challenging the Commissioner's decision, Plaintiff bears the burden of showing that any error was harmful. *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983) ("The burden of proof on the claimant is heavy."). Fifth Circuit case law also establishes that "[p]rocedural perfection in administrative proceedings is not required. This Court will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Plaintiff has not demonstrated any affect on her substantial rights by the ALJ's decision.

Subsumed within this issue is Plaintiff's argument that the ALJ failed to fully and fairly develop the record. The Fifth Circuit has described the duty to develop the record fully and

15

fairly as requiring that the ALJ reach "an informed decision based on sufficient facts." *See Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). This Court has found that the administrative record contained sufficient evidence for the ALJ to properly assess Plaintiff's disability status, and, contrary to Plaintiff's assertion, another medical opinion was not required for an adequately developed record. Plaintiff's testimony and the evidence of record, which the ALJ referenced, was sufficient for the ALJ to make an informed decision. (*Id.* at 1094-1100). Plaintiff's speculation that another opinion was required to assess Plaintiff's RFC is irrelevant under the framework of § 404.1520c, which specifically bars deference to medical opinions. *See* 20 C.F.R. § 404.1520c(a). Likewise, a consultative evaluation is unnecessary as there was sufficient evidence in the record to determine that Plaintiff was not disabled after January 1, 2022. Thus, despite Plaintiff's assertion that there was no evidence "whatsoever," there was more than ample evidence provided in the record for the ALJ to make an informed decision.

Indeed, although the ALJ has a basic obligation to develop a full and fair record, the ALJ is not required to act as the claimant's counsel or produce evidence for the claimant. Plaintiff bears the burden of proving she was disabled by providing evidence to support her allegations. *See* 20 C.F.R. §§ 404.1512(a), 404.1529(a). "It is not unreasonable to require the claimant, who is in a better position to provide information about her own medical constitution, to do so." *See Bowen v. Yuckert.* 482 U.S. 137, 146, n.5 (1987).

The Court finds that the ALJ in this case did not need opinion evidence to render his decision because there was sufficient evidence for him to make an informed decision without it. In addition, the Court cannot reverse the decision of an ALJ for failure to fully and fairly

develop the record unless the claimant shows that she was prejudiced by the ALJ's failure. *See Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000). To establish prejudice, a claimant must demonstrate that she "could and would have adduced evidence that might have altered the results." *Id.* Here, Plaintiff only speculates that additional opinion evidence would help her case, and the ALJ was not required to go on a fishing expedition in an effort to help Plaintiff. Plaintiff points the Court to no additional evidence that would have altered the results, and she has thus failed to carry her burden.

Finally, despite Plaintiff's insistence that she somehow remained disabled after January 1, 2022, she failed to cite one piece of medical evidence to support her claims. Ultimately, it remains Plaintiff's burden to provide evidence to support her allegations that her condition continued to impose disabling limitations after January 1, 2022. Here, Plaintiff failed to meet her burden of proving that her condition precluded her ability to sustain work activity after January 1, 2022. *See* 20 C.F.R. § 404.1512(c); *Thorton v. Scheiker*, 663 F.2d 1312, 1316 (5th Cir. 1981) (noting that it is a plaintiff's burden to provide medical evidence in support of her claim). Substantial evidence supports the ALJ's finding that Plaintiff was not disabled after January 1, 2022.

## VI.    Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's brief (rec. doc. 8) be **REJECTED**, the Commissioner's brief (rec. doc. 11) be **SUSTAINED**, and Plaintiff's case be **DISMISSED WITH PREJUDICE**.

17

**NOTICE OF RIGHT TO OBJECT**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 1st day of _____ April _____, 2025.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

18